Venkat Balasubramani (WSBA #28269)
**FOCAL PLLC**
900 1st Avenue S., Suite 201
Seattle, WA 98134
Tel: (206) 529-4827
Email: venkat@focallaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| ANTHONY M. TRIANI and KIMBERLY TRIANI, husband and wife, and EVERYTHING FORMALS MODEL MANAGEMENT, LLC, an Illinois limited liability company, | Case No. 2:25-cv-00380 |
| Plaintiffs, | |
| v. | **ANSWER AND COUNTERCLAIMS** |
| SOSIE LIMITED D/B/A SOZIE, a private limited company organized under the laws of England and Wales in the United Kingdom, TAHREEM ARSHAD, an individual, and MAHREEN BUTT, an individual, | |
| Defendants. | |

Defendants, as and for their answer to Plaintiffs' Complaint, respond as follows:

## I.    Parties, Jurisdiction and Venue

1.1    Defendants deny the allegations in Paragraph 1.1 of the Complaint, except admit that Defendant Sosie Limited d/b/a Sozie ("Sozie") entered into an

ANSWER
(Case No. 2:25-cv-00380) – 1

agreement with Plaintiff Anthony M. Triani ("Agreement") and further admit the Agreement provides for jurisdiction in the State of Washington.

1.2    Defendants deny the allegations in Paragraph 1.2 of the Complaint.

1.3    Defendants can neither admit nor deny the allegations in Paragraph 1.3 of the Complaint because the allegation does not indicate to which Defendant it refers.  To the extent a response is required, Defendants deny the allegations in Paragraph 1.3 of the Complaint, except admit that Sozie transacts business and further admit that Sozie entered the Agreement and further admit that the agreement provides for jurisdiction in the State of Washington.

1.4    Defendants can neither admit nor deny the allegation in Paragraph 1.4 of the Complaint because the reference to Exhibit B is vague, and Defendants cannot find the quoted language in Exhibit B.  To the extent a response is required, Defendants deny the allegation in Paragraph 1.4 of the Complaint and further state that the Agreement provides for jurisdiction in the State of Washington.

1.5    Defendants deny the allegation in Paragraph 1.5 of the Complaint.

1.6    Defendants deny the allegation in Paragraph 1.6 of the Complaint except admit that jurisdiction and venue are proper in the State and Federal Courts of the State of Washington.

## II.    Facts

2.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

2.2    Defendants deny the allegations in Paragraph 2.2 of the Complaint except admit that (i) Defendant Sozie entered the Agreement with Plaintiff Anthony M. Triani; and (ii) pursuant to the terms of the Agreement, Plaintiff was to be paid for referring users to Sozie's platform.

2.3    Defendants deny the allegations in Paragraph 2.2 of the Complaint except admit that (i) Plaintiff Anthony M. Triani's contact at Sozie was Maham

ANSWER
(Case No. 2:25-cv-00380) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Mustafa; (ii) Ms. Mustafa communicated with Plaintiff Kimberley Triani regarding the Agreement; and (iii) Plaintiff Kimberley Triani also communicated with Defendant Mahreen Butt regarding the Agreement.

2.4    Defendants deny the allegations in Paragraph 2.4 of the Complaint except admit they have an agreement with Walmart.

2.5    Defendants deny the allegations in Paragraph 2.5 of the Complaint except admit that a meeting took place on June 22, 2021, which included Plaintiff Kimberly Triani and Defendant Mahreen Butt.

2.6    Defendants admit the allegation in Paragraph 2.6 of the Complaint.

2.7    Defendants deny the allegations in Paragraph 2.7 of the Complaint.

2.8    Defendants deny the allegations in Paragraph 2.8 of the Complaint except admit that Defendant Mahreen Butt sent an e-mail dated August 26, 2021 which stated "Guys, the volume is going to start increasing – timing is key."

2.9    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.9 of the Complaint.

2.10    Defendants deny the allegations in Paragraph 2.10 of the Complaint except admit that Plaintiff Kimberly Triani sent an e-mail dated August 31, 2021.

2.11    Defendants deny the allegations in Paragraph 2.11 of the Complaint, except admit that Defendant Mahreen Butt sent Plaintiff Kimberly Triani an e-mail dated September 16, 2021 regarding Justice for Girls.

2.12    Defendants deny the allegations in Paragraph 2.12 of the Complaint except admit that (i) Defendant Mahreen Butt met with Plaintiff Kimberly Triani on or about September 17, 2021.

2.13    Defendants deny the allegations in Paragraph 2.13 of the Complaint except admit that (i) Defendant Mahreen Butt met with Plaintiff Kimberly Triani on or about September 17, 2021.

2.14    Defendants deny the allegations in Paragraph 2.14 of the Complaint.

ANSWER
(Case No. 2:25-cv-00380) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

2.15    Defendants deny the allegations in Paragraph 2.15 of the Complaint except admit that Defendant Mahreen Butt sent Plaintiff Kimberly Triani an e-mail dated October 5, 2021 regarding availability and that Plaintiff Kimberly Triani responded with an e-mail dated October 5, 2021.

2.16    Defendants deny the allegations in Paragraph 2.16 of the Complaint except admit that Defendant Mahreen Butt and Plaintiff Kimberly Triani spoke briefly on or about October 9, 2021.

2.17    Defendants deny the allegations in Paragraph 2.17 of the Complaint except admit that on or about October 12, 2021, Defendants Tahreem Arshad and Mahreen Butt met with Plaintiff Kimberly Triani via Zoom and further admit that Ms. Triani later sent an e-mail to Ms. Arshad and Ms. Butt.

2.18    Defendants deny the allegations in Paragraph 2.18 of the Complaint except admit that that on or about October 12, 2021, Defendants Tahreem Arshad and Mahreen Butt met with Plaintiff Kimberly Triani via Zoom.

2.19    Defendants deny the allegations in Paragraph 2.19 of the Complaint except admit that Plaintiff Kimberely Triani and Defendant Tahreem Arshad met via Zoom on or about October 13, 2021.

2.20    Defendants admit the allegation in Paragraph 2.20 of the Complaint.

2.21    Defendants deny the allegations in Paragraph 2.21 of the Complaint except admit that Defendant Tahreem Arshad sent an e-mail to Plaintiff Kimberly Triani on or about October 15, 2021.

2.22    Defendants deny the allegations in Paragraph 2.22 of the Complaint except admit that Plaintiff Kimberly Triani met with Defendant Tahreem Arshad on or about October 18, 2021.

2.23    Defendants deny the allegations in Paragraph 2.23 of the Complaint except admit that Defendants communicated with Plaintiffs regarding Plaintiffs' improperly characterizing their relationships with Walmart and Target, which

ANSWER
(Case No. 2:25-cv-00380) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

relationships did not exist.

2.24   Defendants deny the allegations in Paragraph 2.24 of the Complaint except admit that there was a meeting on or about November 1, 2021 among Plaintiff Kimberly Triani, Cassie Green, Defendant Mahreen Butt, and Maham Mustafa.

2.25   Defendants deny the allegations in Paragraph 2.25 of the Complaint.

2.26   Defendants admit the allegations in Paragraph 2.26 of the Complaint.

2.27   Defendants deny the allegations in Paragraph 2.27 of the Complaint, except admit that Plaintiff Kimberly Triani sent a long e-mail dated November 15, 2021.

2.28   Defendants deny the allegations in Paragraph 2.28 of the Complaint except admit that there was a meeting on November 17, 2021 including Plaintiff Kimberley Triani and Defendant Tahreem Arshad.

2.29   Defendants deny the allegations in Paragraph 2.29 of the Complaint except admit that Plaintiff Kimberley Triani sent a WhatsApp message to Defendants dated January 6, 2022.

2.30   Defendants deny the allegations in Paragraph 2.30 of the Complaint except admit that Defendant Tahreem Arshad sent a WhatsApp message to Plaintiff Kimberly Triani dated January 7, 2022.

2.31   Defendants admit the allegations in Paragraph 2.31 of the Complaint.

2.32   Defendants admit the allegations in Paragraph 2.32 of the Complaint.

2.33   Defendants admit the allegations in Paragraphs 2.33 of the Complaint.

2.34   Defendants deny the allegations in Paragraph 2.34 of the Complaint except admit that there was communication among Plaintiff Kimberly Triani and Defendants via WhatsApp on or about February 3, 2022.

2.35   Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.35 of the Complaint.

2.36   Defendants deny the allegations in Paragraph 2.36 of the Complaint.

ANSWER
(Case No. 2:25-cv-00380) – 5

2.37    Defendants deny the allegations in Paragraph 2.37 of the Complaint, except admit that Defendants instructed Plaintiff Anthony M. Triani to comply with the provisions of the Agreement.

2.38    Defendants deny the allegations in Paragraph 2.38 of the Complaint, except admit that Defendants communicated with Plaintiffs regarding Plaintiffs' multiple breaches of the Agreement.

2.39    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.39 of the Complaint.

2.40    Defendants deny the allegations in Paragraph 2.40 of the Complaint, except admit that Plaintiff Kimberly Triani sent a communication to Defendants on or about June 1, 2022.

2.41    Defendants deny the allegations in Paragraph 2.41 of the Complaint except admit that Plaintiffs had been misleading Defendant's users and the public into thinking that Plaintiffs ran, controlled and/or owned Defendant Sozie.

2.42    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.42 of the Complaint.

2.43    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.43 of the Complaint.

2.44    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.44 of the Complaint.

2.45    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.45 of the Complaint.

### III.    Breach of Contract Claim

3.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

3.2    Defendants deny the allegations in Paragraph 3.2 of the Complaint and further state these allegations directly contradict other allegations in the Complaint.

ANSWER
(Case No. 2:25-cv-00380) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

3.3    Defendants deny the allegations in Paragraph 3.3 of the Complaint.

3.4    Defendants deny the allegations in Paragraph 3.4 of the Complaint.

3.5    Defendants deny the allegations in Paragraph 3.5 of the Complaint.

### IV.    Tortious Interference with a Business Relation

4.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

4.2    Defendants deny the allegations in Paragraph 4.2 of the Complaint.

4.3    Defendants deny the allegations in Paragraph 4.3 of the Complaint.

4.4    Defendants deny the allegations in Paragraph 4.4 of the Complaint.

### V.    Quantum Meruit and Unjust Enrichment

5.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

5.2    Defendants deny the allegations in Paragraph 5.2 of the Complaint.

5.3    Defendants deny the allegations in Paragraph 5.3 of the Complaint.

5.4    Defendants deny the allegations in Paragraph 5.4 of the Complaint.

5.5    Defendants deny the allegations in Paragraph 5.5 of the Complaint.

5.6    Defendants deny the allegations in Paragraph 5.6 of the Complaint.

5.7    Defendants deny the allegations in Paragraph 5.7 of the Complaint.

5.8    Defendants deny the allegations in Paragraph 5.8 of the Complaint.

5.9    Defendants deny the allegations in Paragraph 5.9 of the Complaint.

### VI.    Misappropriation of Trade Secrets

6.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

6.2    Defendants deny the allegations in Paragraph 6.2 of the Complaint.

### VII.    Damages

7.1    Defendants repeat the responses in the foregoing Paragraphs as if stated in full here.

ANSWER
(Case No. 2:25-cv-00380) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

7.2     Defendants deny the allegations in Paragraph 7.2 of the Complaint.

7.3     Defendants deny the allegations in Paragraph 7.3 of the Complaint.

**WHEREFORE**, Defendants request the Court enter judgment dismissing all of Plaintiff's claims with prejudice and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Breach of Contract by Plaintiffs)

Plaintiffs' claims are barred because Plaintiffs materially breached the parties' written agreement.

### Third Affirmative Defense

(Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### Fourth Affirmative Defense

(Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### Fifth Affirmative Defense

(Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

(Limitation of Damages)

Any damages to which Plaintiffs might be entitled are limited by the terms of the written agreement between Sozie and Plaintiff Anthony Triani.

ANSWER
(Case No. 2:25-cv-00380) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## Seventh Affirmative Defense

(Failure to Mitigate)

Plaintiffs failed to mitigate their alleged damages.

## COUNTERCLAIMS

### Parties

1.     Plaintiff-Counterclaim Defendant Anthony M. Triani is an individual and a citizen of the State of Illinois.

2.     Plaintiff-Counterclaim Defendant Kimberly Triani is an individual and a citizen of the State of Illinois.

3.     Upon information and belief, Kimberly and Anthony Triani are husband and wife.

4.     Plaintiff-Counterclaim Defendant Everything Formals Model Management, LLC ("EFMM") is an Illinois limited liability company with its principal place of business at 178 Cherrywood Court, Romeoville, Illinois 60446.

5.     On or about February 4, 2022, Anthony Triani and Defendant Sozie entered into the Agreement (Plaintiffs' Exhibit A).

6.     The Agreement had an effective date of November 1, 2021.

7.     The only parties to the Agreement are Sozie and Anthony M. Triani as owner/sole proprietor.  Plaintiffs' Exhibit A.

8.     Despite allegations directly to the contrary in Paragraph 1.1 of the Complaint, Kimberly Triani is not a party to the Agreement.

9.     Despite the allegations directly to the contrary in Paragraph 1.2 of Plaintiffs' Complaint, EFMM is not a party to the Agreement.

10.     Upon information and belief, Ms. Triani was an authorized agent of Mr. Triani as owner/sole proprietor.

11.     EFMM was not formed or in existence at on the Effective Date of the

ANSWER
(Case No. 2:25-cv-00380) – 9

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Agreement or at the time the Agreement was executed.

12.     EFMM was not formed or in existence until April 25, 2022, almost three months after the Agreement was executed and five months after the Effective Date of the Agreement.

13.     Upon information and belief, EFMM was formed with the purpose of attempting to circumvent the provisions of the Agreement.

**Facts Relevant to All Counterclaims**

14.     Sozie operates a content platform that enables retailers, their vendors and marketplace sellers to obtain authentic product reviews and user-generated content from diverse community members.

15.     In about November 2020, Plaintiff Kimberly Triani registered as a reviewer on the Sozie platform.

16.     Ms. Triani's registration was unsolicited, and she was registered as a regular reviewer ("User") on Sozie's platform.

17.     Soon after, Ms. Triani asked Sozie whether she could refer other individuals to be Users, including members of her husband's modeling agency, Everything Pageants.

18.     Everything Pageants was operated by Mr. Triani as a sole proprietorship.

19.     In response, Sozie told Ms. Triani that Sozie had an existing referral program whereby referrers were compensated for each referral, that all Users of Sozie's platform had the ability to use the referral program, and that Ms. Triani was welcome to refer individuals through that program.

20.     Ms. Triani thereafter proceeded to refer Users to Sozie pursuant to Sozie's established referral program.

21.     Sozie noticed an unusually high number of referrals from Ms. Triani.

22.     Due to the unusually high number of referrals, Sozie requested a

ANSWER
(Case No. 2:25-cv-00380) – 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

meeting with Ms. Triani.

23. Sozie welcomed Ms. Triani to continue to use the existing referral program for models within Everything Pageants, and to communicate with her referred Users on topics such as following up when Users claimed a product to review but had not yet submitted the review; providing feedback to Users about reviews that did not comply with Sozie's moderation guidelines; and communicating with her referred Users about technical issues on the Sozie platform that arose from time to time.

24. Instead, Ms. Triani treated the Users she referred as if her husband's modeling agency, Everything Pageants, had entered into an agency agreement to provide models to Sozie, which was clearly not the case.

25. Mr. Triani treated the referred Users the same way, i.e., as if they were models of Everything Pageants assigned to a non-existent contract between Sozie and Everything Pageants.

26. For example, Sozie discovered that Ms. Triani instructed some of the Users she referred to input a Paypal e-mail address controlled by Ms. Triani. Because Sozie uses the registered e-mail address to incentivize reviewers with cash-back coupons, Ms. Triani was receiving the benefits from Sozie that belonged to the individual Users and not to Ms. Triani.

27. Moreover, Sozie discovered that Ms. Triani was keeping a portion of the benefits belonging to her referred Users as an "agency fee" for Everything Pageants.

28. Sozie's Users are not hired professionals or hired models, all registered Users of the Sozie platform receive cash-back coupons from Sozie for the reviews they submit.

29. Sozie thereafter communicated with Ms. Triani to address the fact that the referred Users were not models hired through Everything Pageants.

ANSWER
(Case No. 2:25-cv-00380) – 11

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

30.    For example, Sozie required all of Ms. Triani's referred Users to register using their own e-mail addresses and not Ms. Triani's.

31.    Unfortunately, Ms. Triani improperly continued to attempt to exert control over the referred Users.

32.    In an attempt to avoid further issues and to clarify the relationship between Everything Pageants and Sozie, on February 4, 2022, Sozie and Anthony M. Triani, as sole proprietor, entered into the subject Agreement.

33.    Pursuant to the terms of the Agreement, Anthony M. Triani d/b/a Everything Pageants agreed to refer Users to Sozie's platform to create product reviews ("Referred Sozies").

34.    In exchange, Sozie agreed to pay Mr. Triani d/b/a Everything Pageants $2.00 for each review completed by a Referred Sozie.  *See* Agreement §1.3 (Plaintiffs' Exhibit A).

35.    The Agreement specifically provides that Mr. Triani d/b/a Everything Pageants may not enter into any contracts or agreements, written or verbal, directly or indirectly, with any Referred Sozies or prospective Referred Sozies.  *See* Agreement §2.3 (Plaintiffs' Exhibit A).

36.    The Agreement also specifically provides that the relationship between Sozie and Anthony Triani d/b/a Everything Pageants is that Everything Pageants is an independent contractor. *See* Agreement §9.1 (Plaintiffs' Exhibit A).

37.    The Agreement further provides that nothing contained in the Agreement should be construed to give either party the power to act as an agent or direct or control the day-to-day activities of the other, and that financial and other obligations associated with each party's business are the sole responsibility of that party. *Id*.

38.    The Agreement also provides that the Referrer (i.e., Anthony M. Triani d/b/a Everything Pageants) does not have the authority, express or implied, to make

ANSWER
(Case No. 2:25-cv-00380) – 12

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

any commitment or incur any obligations on behalf of Sozie other than making referrals as set forth in the Agreement.  *See* Agreement §2.3 (Plaintiffs' Exhibit A).

39.     The Agreement also contains an anti-assignment provision preventing Anthony M. Triani d/b/a Everything Pageants from assigning the Agreement without Sozie's express written consent.  *See* Agreement §9.2 (Plaintiffs' Exhibit A).

40.     Notwithstanding the Agreement, Ms. Triani continued the previous pattern of asserting control over the Referred Sozies, treating Sozie as a "client" and their models as employees.

41.     Plaintiffs admit this in their Complaint at ¶2.37, alleging "Sozie, as a client, agreed to EFMM terms and conditions when they agreed to hire EFMM models to do reviews."

42.     Sozie is not a "client" of EFMM.

43.     Sozie did not hire EFMM models to do reviews.

44.     Sozie did not agree to EFMM terms and conditions.

45.     EFMM did not exist until April 2022, long after the Agreement was executed and became effective.

46.     Prior to and between about February 2022 and May 2022, Plaintiffs impermissibly entered into contracts with Referred Sozies regarding their activities as Sozie Users.

47.     Plaintiffs ***admit*** the existence of these impermissible contracts in their Complaint, alleging "Sozie told EFMM's models that EFMM did not have rights to the content they created, *but in fact the terms and conditions in the agreement between EFMM and their models state that all content created by EFMM models belong to EFMM.*"  *See* Complaint ¶2.37 (emphasis added).

48.     Prior to and between about February 2022 and May 2022, Plaintiffs impermissibly and secretely created and used the e-mail address sozie@everythingformals.com.

ANSWER
(Case No. 2:25-cv-00380) – 13

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

49. At the time, Sozie was unaware of this e-mail address as well as the e-mails being sent from it.

50. Prior to and between about February 2022 and May 2022, Plaintiffs impermissibly directed Referred Sozies in how to prepare their reviews.

51. Prior to and between about February 2022 and May 2022, Plaintiffs impermissibly used Sozie's trademarks in unauthorized communications and on their social media.

52. Prior to and between about February 2022 and May 2022, Plaintiffs impermissibly used Sozie's clients' trademarks, including misrepresenting that Sozie's clients were clients of Plaintiffs.

53. Between about February 2022 and May 2022, Plaintiffs impermissibly attempted to assign the Agreement to their newly created entity, Plaintiff Everything Formals Model Management.

54. Prior to and between about February 2022 and May 2022, Plaintiffs engaged in other conduct in violation of the Agreement:

    a. Plaintiffs claimed, and continue to claim, that they were in a partnership with Sozie. In fact, Plaintiffs make claim that there was a "formal partnership" in their Complaint. *See* Complaint ¶2.15.

    b. Plaintiffs falsely claimed they were responsible for Sozie's contract with Walmart.

    c. Plaintiffs falsely claimed that the relationships with Walmart and Target were through Plaintiff EFMM and not Sozie.

    d. Plaintiffs improperly set up Facebook groups and accounts on "behalf of [Plaintiffs'] partnership" with Sozie, which partnership did not exist. *See* Complaint ¶2.37.

55. As a result of the foregoing multiple breaches, on or about May 27, 2022 Sozie terminated the Agreement for cause.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

56.    After the Agreement was terminated, Ms. Triani engaged in a campaign to destroy Sozie.

57.    Ms. Triani posted defamatory content regarding Sozie online.

58.    Ms. Triani submitted multiple baseless complaints against Sozie.

59.    On or about June 18, 2022, Ms. Triani submitted a complaint to the North Carolina Attorney General (the "AG Submission") falsely stating "our models secured the Walmart account for Sozie."

60.    The June 18, 2022 AG submission also falsely accused Sozie of "avoiding paying taxes to most states."

61.    The June 18, 2022 AG Submission also falsely stated Sozie is "in violation of FTC, SEC, Labor Laws, and IRS in multiple ways."

62.    Not content with submitting her false narrative to the North Carolina Attorney General, on or about June 27, 2022, Ms. Triani sent the AG Submission directly to at least two of Sozie's clients, Walmart and Target.

63.    By sending the AG Submission to Walmart and Target, Ms. Triani published the contents thereof to third parties.

64.    The AG Submission contains intentionally false statements.

65.    On June 28, 2022, as a direct result of Ms. Triani's deceptive communication, Walmart put a hold on a new contract it was negotiating with Sozie that was "close to the finish line" according to Walmart.

66.    On July 1, 2022, Target confirmed to Sozie that it had "received the full AG case from Kim [Triani]" and that "it looks to be the same one you and Walmart received. It looks like we all received it on Monday 6/27," confirming that Ms. Triani directly sent the complaint to both Target and Walmart.

67.    Ms. Triani also contacted Target's guest relations team with additional false complaints designed to harm Sozie's reputation.

68.    As a direct result of Ms. Triani's deceptive communication to Walmart,

ANSWER
(Case No. 2:25-cv-00380) – 15

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

that new agreement between Sozie and Walmart was never concluded.

69.    On or about June 6, 2022, Ms. Triani filed a complaint with the Federal Trade Commission alleging Sozie's business model violated FTC regulations.

70.    The FTC investigation was closed with no finding of wrongdoing.

71.    Despite this fact, Plaintiffs falsely allege that "Amber Lee" of the FTC's position was that Sozie was posting "staged fake reviews."  Complaint ¶2.44.

72.    On July 8, 2022, Anthony Triani, on behalf of Plaintiff EFMM sent a letter to Sozie falsely stating "Sosie Limited, LLC has engaged in contacting our models directly.  This is a breach of the terms and conditions we agreed to in implementing the partnership."

73.    This letter intentionally and brazenly misstates the nature of the parties' relationship and the terms of the Agreement.

74.    In late December 2022 and January 2023, Ms. Triani filed or caused to be filed nine (9) complaints with the New York City Department of Worker and Consumer Protection claiming unpaid wages from Sozie as freelance workers.

75.    One of the nine complaints was filed on behalf of Ms. Triani, and a second of the nine was filed on behalf of Ms. Triani's daughter.

76.    Ms. Triani was responsible for all nine complaints filed with the New York City Department of Worker and Consumer Protection.

77.    All nine complaints filed with New York City Department of Worker and Consumer Protection falsely alleged that the filers were hired by Sozie as freelance workers and not paid for their work.

78.    Of the nine complaints filed with the New York City Department of Worker and Consumer Protection, three admitted there was no money due (even if they were freelance employees, which they were not).

79.    Of the nine complaints filed, only one alleged any amount due, which was $30.00.

ANSWER
(Case No. 2:25-cv-00380) – 16

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

80. Despite her very well documented relationship with Sozie, Ms. Triani's complaint falsely alleged she was a freelance employee of Sozie.

81. None of the Complaints resulted in any action against Sozie and Sozie was not found to have violated New York City administrative regulations regarding the payment of freelancers.

82. The New York City Department of Worker and Consumer Protection complaints were improperly filed by or caused to be filed by Ms. Triani as part of her wrongful campaign to destroy Sozie.

83. In 2023 Ms. Triani individually submitted a complaint to the London Central Employment Tribunal falsely claiming that she was a worker or employee of Sozie. The complaint was subsequently withdrawn.

84. Additionally, Plaintiffs communicated directly with Referred Sozies, making similar false claims.

85. Plaintiffs' communications with the Referred Sozies directly caused many Referred Sozies to discontinue their relationships as Sozie Users.

86. As a result of Plaintiffs' false statements and false regulatory complaints, Sozie was required to spend considerable time, effort, and expense to defend itself, including incurring unnecessary legal fees and costs.

87. Sozie's marketing strategies, recruitment methods, business model, and operational procedures constitute valuable trade secrets.

88. Sozie's trade secrets include:

    a. Methods for recruiting and retaining content reviewers;

    b. Strategies for securing and maintaining relationships with major retailers like Target and Walmart;

    c. Techniques for ensuring regulatory compliance while maintaining profitability;

    d. Technical specifications and operational details of the Sozie

ANSWER
(Case No. 2:25-cv-00380) – 17

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

platform;

    e.  Pricing strategies;

    f.  Customer lists and reviewer databases;

    g.  Marketing materials and advertisements.

89.    Sozie took reasonable steps to maintain the secrecy of their trade secrets, including:

    a.  Including confidentiality provisions in the Agreement;

    b.  Limiting access to confidential information;

    c.  Requiring Plaintiffs to agree not to use confidential information except as authorized.

90.    Plaintiffs had access to these trade secrets through their relationship with Sozie.

91.    After the termination of the Agreement, Plaintiffs misappropriated Sozie's trade secrets by:

    a.  Using Sozie's recruitment strategies and marketing methods to build their own competing business;

    b.  Hiring a marketing person to implement the same recruitment strategies Plaintiffs had learned from Sozie;

    c.  Copying Sozie's marketing materials and posting recruitment advertisements in the same locations where Sozie recruited reviewers;

    d.  Using knowledge of Sozie's business model to compete directly with Sozie.

## Counterclaim Count I

### (Breach of Contract)

92.    Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

93.    The Agreement controls the relationship between Sozie and Plaintiffs.

94.    Plaintiffs materially breached the Agreement by improperly entering in contracts with Referred Sozies regarding their status as registered Users of the Sozie platform in violation of §2.3(f) of the Agreement.

95.    Plaintiffs admit committing this breach withing the four corners of their Complaint.  *See* Complaint ¶2.37.

96.    Plaintiffs materially breached the agreement by stating that they had other than an independent contractor  relationship with Sozie in violation of §9.1 of the Agreement.

97.    Plaintiffs materially breached the Agreement by impermissibly creating and using the e-mail address sozie@everythingformals.com in violation of §2.3[a] of the Agreement.

98.    Plaintiffs materially breached the Agreement by impermissibly advertising Sozie on their social media outlets in violation of §2.3[a] of the Agreement.

99.    Plaintiffs materially breached the Agreement by impermissibly directing Referred Sozies in how to prepare their reviews in violation of §§2.3(f)-(g) of the Agreement.

100.    Plaintiffs materially breached the Agreement by impermissibly using Sozie's trademarks in unauthorized communications and on their social media in violation of §3.3 of the Agreement.

101.    Plaintiffs materially breached the Agreement by impermissibly using Sozie's clients' trademarks, including misrepresenting that Sozie's clients were clients of Plaintiffs in violation of §2.3[b] of the Agreement.

102.    Plaintiffs materially breached the Agreement by attempting to assign the Agreement to Plaintiff EFMM in violation of §9.2 of the Agreement.

103.    As a result of Plaintiffs' multiple breaches of the Agreement, Sozie

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

sustained direct economic harm in an amount to be determined at trial.

## Counterclaim Count II

### (Tortious Interference with Contract)

104. Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

105. In or about June 2022, Sozie was negotiating with Walmart for additional contract terms.

106. Prior to June 27, 2022, the negotiations between Sozie and Walmart were "close to the finish line."

107. Prior to June 27, 2022, Sozie had a valid expectancy that it would receive the additional business from Walmart.

108. Prior to June 27, 2022, Plaintiffs knew that Sozie and Walmart had an existing contractual relationship

109. Prior to Jue 27, 2022, Plaintiffs knew that Sozie and Walmart were negotiating new and expanded contract terms.

110. On or about June 27, 2022, Plaintiffs, through Ms. Triani, intentionally sent the AG Submission to Walmart.

111. The AG Submission contained intentionally false statements of fact.

112. Plaintiffs sent the AG Submission to Walmart specifically to interfere with Sozie's contractual and business relationship with Walmart.

113. Plaintiffs sent the AG Submission to Walmart specifically with the improper purpose of harming Sozie because Sozie had rightfully terminated the Agreement.

114. Plaintiffs' sending the AG Submission to Walmart constituted ill will, spite, and defamation.

115. As a direct result of Plaintiffs' sending the AG Submission to Walmart, Walmart declined to enter into the agreement with Sozie that was "close to the finish

ANSWER
(Case No. 2:25-cv-00380) – 20

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

line" and Sozie's business expectancy was breached.

116. The additional business expected from Walmart was in excess of $500,000.00.

117. As a direct result of Plaintiffs' wrongful interference, Sozie sustained direct economic damages. In an amount to be determined at trial, but in no event less than $500,000.00.

## Counterclaim Count III

### (Defamation)

118. Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

119. Plaintiffs made materially false statements about Sozie in writing.

120. Plaintiffs stated in writing that "Sozie is avoiding paying state taxes to most states."

121. Plaintiffs stated in writing that Sozie is "breaking Consumer Protection Acts in most states…."

122. Plaintiffs stated in writing that Sozie is "in violation of FTC, SEC, Labor Laws, and IRS in multiple ways."

123. The foregoing statements are factual in character.

124. The foregoing statements are provably false.

125. The foregoing statements are defamatory in nature because they state that Sozie has intentionally violated federal and state regulations and intentionally committed acts that constitute crimes under federal and state law.

126. There has never been a criminal investigation, complaint, indictment, or conviction of Sozie or any of its principals, employees, or agents.

127. There was an investigation by the FTC commission based entirely on false and defamatory statements made by Plaintiffs.

128. The FTC investigation was closed with no finding of wrongdoing by

ANSWER
(Case No. 2:25-cv-00380) – 21

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Sozie.

129. There has never been an investigation into or finding of wrongdoing by Sozie with respect to SEC laws and/or regulations.

130. There has never been an investigation into or finding of wrongdoing by Sozie with respect to state of federal labor laws and/or regulations.

131. There has never been an investigation into or finding of wrongdoing by Sozie with respect to federal tax laws and/or regulations.

132. The statements made by Plaintiffs directly concerned Sozie.

133. The statements made by Plaintiffs were communicated to third parties specifically including Sozie's clients Walmart and Target.

134. There was no privilege attaching to the defamatory communications sent to Walmart and Target.

135. Plaintiffs are completely at fault in sending the false statements to third parties.

136. As part of the economic harm suffered by Sozie, it lost a lucrative business opportunity with Walmart.

137. As a result of the false statements sent to third parties, Sozie suffered direct economic harm in an amount to be determined at trial, but in no event less than $500,000.00.

**Counterclaim Count IV**

(Trademark Infringement 15 U.S.C §1114)

138. Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

139. The Sozie trademark is registered in the United States Patent and Trademark Office under Registration No. 735766 (the "Sozie Trademark") in connection with software allowing sharing of user generated content, electronic media, multimedia content, videos, pictures, movies, images, text, photos, audio

ANSWER
(Case No. 2:25-cv-00380) – 22

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

content, and information.

140.    At all relevant times, the Sozie mark was in continual use by Sozie prior to its application and registration with the United States Patent and Trademark Office.

141.    Plaintiffs' use of Sozie's trademark without Sozie's consent constitutes trademark infringement in violation of 15 U.S.C. §1114, in that, among other things, such use by Plaintiffs was intended to and likely caused confusion, deception, and mistake among the consuming public as to the source, approval, or sponsorship of Plaintiffs' infringing uses of the Sozie Trademark.

142.    As a direct result of Plaintiffs' infringement of the Sozie Trademark, Sozie suffered direct economic damages in an amount to be determined at trial.

## Counterclaim Count V

### (False Advertising - 15 U.S.C §1125(a))

143.    Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

144.    Plaintiffs' use of the Sozie Trademark without Sozie's consent constitutes false or misleading statements of fact and/or false advertising in commercial advertising or promotion in violation of 15 U.S.C. §1125(a) because such use was likely to cause confusion, deception, and mistake among the consuming public as to the source, approval, or sponsorship of the goods or services offered by Plaintiffs bearing the Sozie trademark.

145.    As a direct result of Plaintiffs' infringing conduct, Sozie sustained economic damages in an amount to be determined at trial.

## Counterclaim Count VI

### (Unfair Business Practices – RCW §19.86.020)

146.    Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

147.  The aforementioned conduct of Plaintiffs constitutes unfair, deceptive, and fraudulent acts and practices in the conduct of Plaintiffs' trade or business in violation of Washington State law.

148.  The aforementioned conduct of Plaintiffs constitutes unfair methods of competition in violation of Washington State law.

149.  As a result of Plaintiffs' unfair, deceptive, and fraudulent acts and practices, and unfair methods of competition, Sozie sustained direct economic damages in an amount to be determined at trial.

## Counterclaim Count VII

### (Misappropriation of Trade Secrets – Uniform Trade Secrets Act)

150.  Sozie repeats its answers to the Complaint and its Counterclaim allegations as if set forth in full here.

151.  Sozie had protectable trade secrets specifically including (i) methods for recruiting and retaining content reviewers; (ii) strategies for securing and maintaining relationships with major retailers; (iii) techniques for ensuring regulatory compliance while maintaining profitability; (iv) technical specifications and operational details of the Sozie platform; (v) pricing strategies; (vi) customer lists and reviewer databases; and (vii) marketing materials and advertisements.

152.  Plaintiffs were privy to Sozie's trade secrets.

153.  Plaintiffs knew and had reason to know that they were privy to Sozie's trade secrets.

154.  Plaintiffs knew they did not have Sozie's express or implied consent to use Sozie's trade secrets.

155.  Plaintiffs knew and had reason to know they acquired knowledge of Sozie's trade secrets under circumstances giving rise to duties to maintain their secrecy and limit Plaintiffs' use thereof.

156.  Plaintiffs nevertheless improperly disclosed and/or used Sozie's trade

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

secrets for their own benefit.

157. As a result of Plaintiffs' wrongful disclosure and/or use of Plaintiffs' trade secrets, Sozie sustained direct economic harm in an amount to be determined at trial.

**WHEREFORE**, Sozie demands judgment on its Counterclaims as follows:

(i) in amounts to be determined at trial, but in no event less than $500,000.00;

(ii) requiring Plaintiffs to account and pay over to Sozie all profits realized by their wrongful acts;

(iii) awarding Sozie its costs, reasonable attorneys' fees, and expenses, together with pre- and post-judgment interest; and

(iv) for such other and further relief the Court deems just and proper.

Dated this 28th day of October, 2025.     Respectfully submitted,

By: *s/ Jeremy Klausner*
Jeremy Klausner, Esq., admitted pro hac vice
Tel: 973.671.5331
Fax: 973.860.2275

FOCAL PLLC

By: *s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: venkat@focallaw.com

Attorneys for Defendants

ANSWER
(Case No. 2:25-cv-00380) – 25

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Alicia R. Levy
> The Levy Law Firm, PLLC
> 421 W. Riverside Ave. #381
> Spokane, WA 99201-0402
> Alicia@levy-lawfirm.com

Dated: October 28, 2025                    *s/ Venkat Balasubramani*

Venkat Balasubramani, WSBA #28269
Focal PLLC
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: venkat@focallaw.com

Attorneys for Defendants

ANSWER
(Case No. 2:25-cv-00380) – 26