FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 28, 2026
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY M. TRIANI and KIMBERLY TRIANI, husband and wife, and EVERYTHING FORMALS MODEL MANAGEMENT, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SOSIE LIMITED D/B/A SOZIE, a private limited company organized under the laws of England and Wales in the United Kingdom, TAHREEM ARSHAD, an individual, and MAHREEN BUTT, an individual,<br><br>Defendant. | No. 2:25-CV-00380-MKD<br><br>ORDER GRANTING PROPOSED PROTECTIVE ORDER<br><br>**ECF No. 25** |

The parties have submitted a Proposed Protective Order to the Court. ECF No. 25. The Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Proposed Protective Order, **ECF No. 25**, is **GRANTED**.

**PROTECTIVE ORDER**

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This stipulation is not an agreement that any particular document or category of documents is discoverable, but is intended to protect only those documents that are produced and which are entitled to protection.

2. <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) records that identify non-parties' confidential, non-public personal information; (2) confidential information in

personnel files, including but not limited to, such categories of information as medical information, social security numbers, financial information, unlisted phone numbers, and other nonpublic personal identifiers as are protected by statute, or personal information as protected by Art. I, sec.7 of the Washington Constitution; (3) proprietary and confidential business information as contemplated by Fed. R. Civ. P. 26(c)(1)(G), including but not limited to company policies and procedures, competitive information of the company including business models and business plans, client lists, vendor lists, and referral sources, non-public work product related to projects and designs of both parties, and official meeting minutes of the corporations; and (4) financial information from any party.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

The protections benefiting "confidential material" shall also be construed to include "confidential information". However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) insurance carriers and their claims representatives, for the purpose of analyzing and valuing the potential claims, so long as they have signed Exhibit A.

4.3 Filing Confidential Material. Before filing confidential material or

discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information must establish the basis therefor, even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.4 Designation of Confidential Material as "FOR ATTORNEY'S EYES ONLY": A party may designate Confidential material as "ATTORNEY'S EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secrets or other sensitive and previously undisclosed research, development, financial or other commercial information. Under no circumstance should information designated "ATTORNEY'S EYES ONLY" be disclosed to the receiving party.

4.5 The "ATTORNEY'S EYES ONLY" designation should be used

sparingly for documents that are outside of the following categories:

(a) Non-public pricing, finances, sales, revenue, costs and similar financial information;

(b) Client lists, vendor lists, and referral sources;

(c) Information designated "ATTORNEY'S EYES ONLY" may be viewed only by:

(i) Counsel (as defined in paragraph 4.2(a) of the receiving party),

(ii) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court),

(iii) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper,

(iv) Any outside expert employed by counsel of record, provided that review of the information is reasonably necessary for the development and presentation of that party's case, and only where the expert has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and

(v) Any witness during the course of discovery who was an author, recipient, or otherwise involved in the creation of the document, provided that it is clear from the face of the document marked with the "ATTORNEY'S EYES

ONLY" designation that the witness being shown or asked about the document was an author, recipient, or otherwise involved in the creation of the document. Such a witness may not be shown or questioned on any material marked "ATTORNEY'S EYES ONLY" in the presence of a party. Where it is not stated on the face of the confidential document being disclosed that the witness was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: the party seeking disclosure has a reasonable basis for believing the witness in fact prepared, received, or reviewed the document, the party seeking disclosure provides advance notice to the party that produced the document, and the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact prepare, receive, or review the document. Nothing herein shall prevent disclosure at deposition of a document designated "ATTORNEY'S EYES ONLY" to the officers, directors, or managerial level employees of the party who produced the document.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for

protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words, as

appropriate, "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within ten days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "confidential" or "attorneys' eyes only". If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) If a party or non-party desires to protect confidential material or testimony at trial, the issue should be addressed during the pre-trial conference.

(d) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words, as appropriate, "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." If only a portion or portions of the information or

item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without

court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed

confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information

produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED August 28, 2026.

s/Mary K. Dimke
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ____________________________________ [print or type full name], of ____________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington District of Washington on August 28, 2026, in the case of *Triani et al. v. Sosie Limited et al.*, Case No. 2:25-cv-00380-MKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____________________

SIGNATURE

PRINTED NAME

CITY AND STATE WHERE SWORN/SIGNED